Court of Chancery—Ruppel v. Ruppel.

MARION RUPPEL, petitioner,

*v.*

ANDREW RUPPEL, defendant.

[Decided December 14th, 1926.]

Divorce—Desertion—Husband Brought Suit in 1923 Which was Not Diligently Prosecuted—Wife in 1925 Brought This Suit —Both Suits Alleged Desertion—Held, That Defendant in Previous Case Having Refrained From Filing Answer Cannot Now, Because That Suit was Not Vigorously Prosecuted, Without Making Any Motion Therein, File a Petition Charging Previous Petitioner With Actual Desertion—Petition Dismissed.

On petition for divorce. On exceptions to master's report.

*Mr. Elwood C. Weeks,* for the petitioner.

INGERSOLL, V. C.

On January 22d, 1923, Andrew Ruppel filed in this court a petition for divorce, in which he charged that in the month of February, 1905, Marion Ruppel, his wife, deserted him. Citations were issued, and served personally upon the defendant on February 10th, 1923. No answer was filed, and on the 28th of July, 1923, it was referred to Joseph T. Hague, one of the special masters of this court. No further action appears to have been taken.

On October 31st, 1925, Marion Ruppel filed a petition for divorce, making Andrew J. Ruppel defendant, in which she charges that the defendant deserted her on May 30th, 1925. Citation was returned *non est.* An order of publication was taken and proof thereof made. Although the present petitioner was served personally with the citation, and a certified copy of the petition filed in the first case, she evidently refrained from informing her solicitor that such papers had

been served and that defendant was represented by a solicitor of this court.

An examination of the affidavits on file disclose that no attempt was made through the solicitor of the present defendant to give him notice or to ascertain his present address. The order of reference in the present cause was made to Anthony J. Siracusa, one of the special masters of this court, who, after hearing the testimony, filed his report in which he advised that the petition should be dismissed upon two grounds—*first,* that the evidence failed to prove actual desertion as alleged in the petition, but that it did show a constructive desertion, and *secondly,* upon the ground that there was a suit now pending and undetermined in this court, in which the same charge was made against the present petitioner.

Without determining the question raised by the master, I am satisfied that the petition should be dismissed.

Can it be said that a defendant in a previous case, who has personal knowledge that she is charged with desertion, refrain from filing an answer if she is not guilty, and then because that action is not vigorously prosecuted, and without making any motion or application therein, file a petition charging the former petitioner with actual desertion, refrain from informing her solicitor of the fact that the former petitioner was or had been represented by a solicitor of this court, be entitled to a decree *nisi* upon producing proof that the then defendant was guilty of a constructive desertion?

The exceptions will be overruled and an order will be advised dismissing the petition.